## TWIN FALLS CANAL CO. v. AMERICAN FALLS RESERVOIR DIST. NO. 2.

### No. 1521.

District Court, D. Idaho, S. D.

Nov. 29, 1930.

James R. Bothwell, of Twin Falls, Idaho, for plaintiff.

Bissell & Bird, of Gooding, Idaho, and B. E. Stoutemyer, of Portland, Or., for defendant.

CAVANAH, District Judge.

This suit is again before the court upon defendant's demurrer to plaintiff's amended complaint, but presents the same questions asserted on the demurrer to the original complaint. The conclusion reached by the court, as appears in its memorandum opinion, was that a cause of action had not accrued, as the action was prematurely brought, and that it was unnecessary to then decide the other questions raised by the demurrer. The facts alleged in the amended complaint, appearing in paragraph IX thereof, have met the objection as to the action having been prematurely brought, for it is there stated that the defendant "has gone upon the property of plaintiff, namely: upon the said Milner Lake and Milner Dam, and has constructed a permanent diversion works and a canal of sufficient capacity to carry 1,700 second feet of water leading from said diversion works along the north side of Snake River for a distance of several miles; that the defendant claims the right to maintain said diversion works in Milner Lake and use said lake and Milner Dam to divert 1,700 second feet of water from Snake River without resorting to condemnation proceedings or acquiring by purchase or otherwise any right, title or interest in or to said Milner Dam, or in or to Milner Lake, the reservoir created by said dam; that said defendant claims a right to maintain said diversion works in Milner Lake and utilize Milner Dam without acquiring any easement therein from this plaintiff, and without compensating this plaintiff for the maintenance and operation of said reservoir and dam." A present entry, taking, and use is alleged in paragraph IX of the amended complaint, and, when such appears, the taking is complete and the cause of action accrues.

The second contention is that, as the Milner dam is owned in common, the plaintiff owning six-elevenths interest and the Northside Canal Company five-elevenths interest, the plaintiff ought not to be permitted to

maintain the suit without making its cotenant a party thereto. While it is the accepted rule that one cotenant in common cannot maintain an action at law for trespass or damages without joining his cotenant, yet it is claimed by the plaintiff that this principle does not apply where it appears, as it does by the amended complaint, that plaintiff is wholly burdened with the control, management, and operation of the lake and dam and responsible for the proper safeguarding of it. By the decree of the state court, which is attached to the amended complaint, in the case of Twin Falls Canal Company, the plaintiff here, against the Twin Falls Land & Water Company, Twin Falls Northside Land & Water Company, and Northside Canal Company, the exclusive management, control, and responsibility of operating the dam is vested in and imposed upon the plaintiff, and, that being the case, the plaintiff is by this action seeking to recover the reasonable value of the use of the dam by the defendant, together with its proportionate share of the money expended for maintenance and operation, which it has a right to do, as it seeks to safeguard the diversion dam and perform a duty required of it to be done under the provisions of the state decree. Under such circumstances the principle stated would not apply, as the plaintiff would be entitled to have its interest protected, and especially where it is burdened with such responsibility, by maintaining this action without joining its co-owner as plaintiff. It does not appear that any injury will result to the defendant by the failure of plaintiff to make its co-owner in the lake and dam a party to this suit. 38 Cyc. 97; Union Mill & Mining Co. v. Dangberg (C. C.) 81 F. 73; Byram et al. v. Chicago, St. P. M. & O. R. Co. (C. C. A.) 21 F. (2d) 388. The mere fact that plaintiff is seeking to recover the full amount of the value of the use and the defendant's proportionate share of the maintenance cost of the dam would not require plaintiff to show that it has the entire interests in the lake and dam before it could maintain this action, where it is shown, as here, that it has five-elevenths interest and is wholly burdened with the management and operation of the dam, and responsible for the proper safeguarding of it. It has, under such obligation imposed upon it by the state decree, proceeded alone, and in its own name, to safeguard and protect the interests of all in the lake and dam against the action of the defendant in entering upon the property and using it at the expense of the owners without obtaining a right to do so.

A considerable portion of the briefs of respective counsel is devoted to a consideration of the objection that there is a lack of necessary parties defendant, as the United States is a necessary and only proper party defendant, for the reason that the works complained of are not now being constructed by the defendant, but by the United States, who retains title thereto until further act of Congress, and that under the contract, being Exhibit B attached to the complaint, the defendant is to act as a federal agency in operating the works after completion thereof, and who has not at the present time any control or authority over the works. The defendant was organized for the purpose of forming and operating the irrigation system and works, and has a contract with the United States where the district agreed "to assume and pay all obligations and claims of every kind, nature and description, if any, which may arise and accrue in favor of any and all of the legal and equitable owners of Milner Dam by reason of the diversion of water through the main canal as herein provided, and to keep the United States harmless therefrom." Under this provision of the agreement, it is clear that the defendant has agreed to take care of such a claim as is now asserted by the plaintiff. Although the defendant district has such a contract with the government, yet, if it has entered upon the property of the plaintiff, and has constructed permanent diversion works and a canal system to divert a large quantity of water leading from the diversion works, without acquiring right to do so, the plaintiff would have the right to recover from it the value thereof and its proportionate share of the maintenance costs. In such an action it is not necessary to make the United States a party defendant, for under such circumstances it is doubtful if it would be liable for such acts of the district. The allegation is that the defendant district has actually entered upon the property of plaintiff without acquiring the right to do so, and, when doing so, the defendant was not acting as a federal agency, nor is the suit in any sense one against the United States. A continuous use by defendant of the reservoir, created by plaintiff's dam, would ripen into an easement, and the character of the invasion by the defendant, not the amount of damages resulting from it, determines the question whether there is a taking. So, as alleged here, there is a taking within the scope of the Fifth Amendment.

Finally, the question as to whether plaintiff has a property right which is being or will be invaded by the action complained of,

based upon the contention that Snake River is a natural stream, and defendant has a constitutional right to appropriate the unappropriated waters of the stream for beneficial purposes, and, if exercised without damage to plaintiff, cannot give rise to a cause of action, would not seem to be difficult of solution when applied to the nature of the action we are considering, for, as already stated, the complaint here simply presents a claim for the reasonable value of the use by the defendant of the reservoir and dam and its proportionate share of the cost of maintaining and operating the same. It is not a question of plaintiff denying defendant the right to appropriate the public waters of the stream, but one where plaintiff is seeking to recover for entry upon, use and receiving the benefits of its reservoir and dam without paying just compensation therefor. As to who has the prior right to the use of the stream will be determined upon the proof.

The demurrer will be overruled.